UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILBER SALMERON VAQUI,<br><br>        Petitioner,<br><br>v.<br><br>JAREMY CASEY, Administrator of Imperial Detention Center, et al.,<br><br>        Respondents. | Case No.: 26cv704-LL-MMP<br><br>**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**<br><br>[ECF No. 1] |

Presently before the Court is Petitioner Wilber Antonio Salmeron Vaqui's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1 ("Pet."). Also before the Court is Respondents' Response to Petition, and Petitioner's Traverse. ECF Nos. 4, 5. For the reasons set forth below, the Court **GRANTS IN PART** Petitioner's Petition for Writ of Habeas Corpus.

**I. BACKGROUND**

Petitioner is a citizen of El Salvador who has been in immigration detention at the Imperial Regional Detention Center since June 14, 2025. *Id.* ¶ 23. Petitioner has been residing in the United States since 2012. *Id.* ¶ 1. He arrived in the United States as a minor and was later apprehended by border officials. *Id.* Petitioner was previously designated as an unaccompanied minor and states that 8 U.S.C. § 1225(b)(2)(A) does not apply to individuals like him because the authority by which the Department of Homeland Security

("DHS") could detain him is governed by another statute, the Trafficking Victims Protection and Reauthorization Act ("TVPRA"). *Id.* ¶ 7. Petitioner states that the TVPRA does not mandate detention, and instead requires DHS to consider the "least restrictive alternative to detention programs." *Id.* (citing 8 U.S.C. § 1232(c)(2)(B)). Notwithstanding this, Petitioner alleges that he has been denied bond (twice) pursuant to 8 U.S.C. § 1225(b)(2)(A) by an Immigration Judge for lack of jurisdiction to hear the case. Pet. ¶¶ 6, 10, 11.

Petitioner states that when he arrived in the United States as an unaccompanied minor in 2012, he was transferred to the Office of Refugee Resettlement ("ORR"). *Id.* ¶ 29. He was ultimately released to be with his father shortly after he crossed the border near Hidalgo, Texas. *Id.* Petitioner states that when he was released a determination was made that he was not a flight risk, danger to himself, or to the community. *Id.* ¶ 44. Petitioner also states that "once released from ORR custody, federal agents must be able to present evidence of materially changed circumstances to justify re-detention of an unaccompanied minor." *Id.* (internal citation omitted).

Petitioner has three U.S. citizen siblings, including a sister currently serving in the United States Army, and a Lawful Permanent Resident father. *Id.* ¶ 5. Petitioner also has three young United States citizen children, including one infant daughter who was born while he has been in custody. *Id.* ¶ 30. He has no criminal history, is the sole provider for his family, and has been steadily employed in the construction industry for over a decade. *Id.* He has significant ties to the United States and is not a danger to the community nor a flight risk. *Id*

Petitioner states that after he was detained on June 12, 2025, as part of a widescale immigration enforcement action, he was briefly released on January 21, 2026 because an Immigration Judge terminated his case based on a violation of his constitutional rights. *Id.* ¶¶ 3, 23, 38. However, within forty-eight hours of his release, Petitioner was re-arrested and re-detained and now remains at the Imperial Regional Detention Center. *Id.* Petitioner states that his detention violates: (1) the TVPRA; (2) 8 U.S.C. § 1226(a); (3) the

Administrative Procedures Act; and (4) his procedural and substantive due process rights. *Id*. at 20-21. Petitioner seeks a writ of habeas corpus directing Respondents to release him from custody pursuant to the terms of his prior release from ORR custody, or in the alternative, order an individualized bond hearing. *Id.* ¶ 18.

## II.  LEGAL STANDARD

A federal prisoner challenging the execution of his or her sentence, rather than the legality of the sentence itself, may file a petition for writ of habeas corpus in the district of his confinement pursuant to 28 U.S.C. § 2241. *See* 28 U.S.C. § 2241(a). The sole judicial body able to review challenges to final orders of deportation, exclusion, or removal is the court of appeals. *See generally* 8 U.S.C. § 1252; *see also Alvarez–Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005) (citing REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, § 106(a)). However, for claims challenging ancillary or collateral issues arising independently from the removal process—for example, a claim of indefinite detention—federal habeas corpus jurisdiction remains in the district court. *Nadarajah v. Gonzales*, 443 F.3d 1069, 1076 (9th Cir. 2006), *abrogated on other grounds by Jennings v. Rodriguez*, 138 S. Ct. 830 (2018); *Alvarez v. Sessions*, 338 F. Supp. 3d 1042, 1048–49 (N.D. Cal. 2018) (citations omitted).

## III.  DISCUSSION

### A.  Due Process

Petitioner argues that because Respondents did not provide him with a pre-deprivation hearing before re-detaining him, they violated his liberty interests. Pet. ¶¶ 46, 67, 76-86. The Court agrees.

The Fifth Amendment guarantees that "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. "[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (9th Cir. 2001). "[I]t is well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292,

306 (1993). The Due Process Clause generally "requires some kind of a hearing before the State deprives a person of liberty or property." *Zinermon v. Burch*, 494 U.S. 113, 127 (1990). "Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty." *Pinchi v. Noem*, No. 25-cv-5632-PCP, 2025 WL 2084921, at *3 (N.D. Cal. July 25, 2025) (citations omitted). Although the initial decision to detain or release an individual may be within the government's discretion, "the government's decision to release an individual from custody creates 'an implicit promise,' upon which that individual may rely, that their liberty 'will be revoked only if [they] fail[] to live up to the . . . conditions [of release].'" *Id.* (quoting *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972)). "Thus, even when ICE has the initial discretion to detain or release a noncitizen pending removal proceedings, after that individual is released from custody [he] has a protected liberty interest in remaining out of custody." *Pinchi*, 2025 WL 2084921, at *3 (citing *Romero v. Kaiser*, No. 22-cv-20508, 2022 WL 1443250, at *2 (N.D. Cal. May 6, 2022)).

Respondents in their Response acknowledge that in light of *Maldonado Bautista*, Petitioner is detained under 8 U.S.C. § 1226(a) and is entitled to a bond hearing. *See* Response at 2. However, the Court finds that the relief Petitioner is entitled to is not limited to a bond hearing. Petitioner entered the United States as an unaccompanied minor, and at that time was determined to not be a danger to the community or a flight risk and was released. Pet. ¶ 44, 66, 67. Petitioner has complied with all conditions of his release and has been a law-abiding citizen. *Id.* ¶ 30. Petitioner has been steadily employed and has extensive ties in the United States including his sister who serves in the U.S. Army. *Id.* ¶ 30. Accordingly, Petitioner has a protected liberty interest in remaining out of custody. *See, e.g.*, *Pinchi*, 2025 WL 2084921, at *4 ("[Petitioner's] release from ICE custody after her initial apprehension reflected a determination by the government that she was neither a flight risk nor a danger to the community, and [Petitioner] has a strong interest in remaining at liberty unless she no longer meets those criteria."); *Noori*, 2025 WL 2800149, at *10 ("Petitioner is not an 'arriving' noncitizen but one that has [been] present in our

country for over a year. This substantial amount of time indicates he is afforded the Fifth Amendment's guaranteed due process before removal."); *Matute v. Wofford*, No. 25-cv-1206-KES-SKO (HC), 2025 WL 2817795, at *5 (E.D. Cal. Oct. 3, 2025) (finding petitioner had a protected liberty interest in his release).

As Petitioner has a protected liberty interest, the Due Process Clause requires procedural protections before he can be deprived of that interest. *See Matthews v. Eldridge*, 424 U.S. 319, 335 (1976). To determine which procedures are constitutionally sufficient to satisfy the Due Process Clause, the Court must apply the *Matthews* factors. *See Matthews*, 424 U.S. at 335. Courts must consider: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the [g]overnment's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Id.*

The Court finds that all three factors support a finding that the government's detention without a pre-deprivation hearing, reasoning, or an opportunity to be heard, denied Petitioner of his due process rights. First, as discussed above, Petitioner has a significant liberty interest in remaining out of custody. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty [the Due Process Clause] protects." *Zadvydas*, 533 U.S. at 690. Petitioner has an interest in remaining with his community, working, and taking care of his family, including his three United States citizen children. *See Morrissey*, 408 U.S. 471 at 482 ("Subject to the conditions of his parole, he can be gainfully employed and is free to be with family and friends and to form the other enduring attachments of normal life.").

Second, the risk of an erroneous deprivation of such interest is high as Petitioner's was re-detained without a pre-deprivation hearing. Pet. ¶¶ 44, 66, 67, 76-86. Since the initial determination that Petitioner should be released because he posed no danger to the community and was not a flight risk, there is no evidence that these findings have changed.

*See Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1760 (N.D. Cal. 2017) ("Release reflects a determination by the government that the noncitizen is not a danger to the community or a flight risk."). As set forth herein, Petitioner has no criminal record, has not been arrested or otherwise in criminal trouble, and has an established community. "Once a noncitizen has been released, the law prohibits federal agents from rearresting him merely because he is subject to removal proceedings." *Saravia*, 280 F. Supp. 3d at 1760. "Rather, the federal agents must be able to present evidence of materially changed circumstances—namely, evidence that the noncitizen is in fact dangerous or has become a flight risk. . . ." *Id.*

Respondents, failing to address Petitioner's Due Process argument in their response, do not point to any material circumstances that have changed that would warrant his re-detention. *See generally* Response. "Where, as here, 'the petitioner has not received any bond or custody hearing,' 'the risk of an erroneous deprivation of liberty is high' because neither the government nor [Petitioner] has had an opportunity to determine whether there is any valid basis for [his] detention." *Pinchi*, 2025 WL 2084921, at *5 (quoting *Singh v. Andrews*, No. 25-cv-801-KES-SKO (HC), 2025 WL 1918679, at *7 (E.D. Cal. July 11, 2025)).

Third, the government's interest in detaining Petitioner without notice, reasoning, and a hearing is "low." *See Pinchi*, 2025 WL 2084921, at *5; *Matute*, 2025 WL 2817795, at *6; *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. Nov. 22, 2019) ("If the government wishes to re-arrest [Petitioner] at any point, it has the power to take steps toward doing so; but its interest in doing so without a hearing is low."). Respondents fail to point to any burdens on the government if it were to have provided proper notice, reasoning, and a pre-deprivation hearing. *See generally* Response

Therefore, because Respondents re-detained Petitioner without a pre-deprivation hearing in violation of the Due Process Clause, his detention is unlawful. *See, e.g.*, *Alegria Palma v. Larose et al.*, No. 25-cv-1942 BJC (MMP), slip op. at 14 (S.D. Cal. Aug. 11, 2025) (granting a TRO based on a procedural due process challenge to a revocation of parole without a pre-deprivation hearing); *Navarro Sanchez*, 2025 WL 2770629, at *5

(granting a writ of habeas corpus releasing petitioner from custody to the conditions of her preexisting parole on due process grounds); *Quinteros Cornejo v. Andrews, et al.*, No. 1:25-cv-02062 JLT HBK, 2026 WL 237748 (E.D. Cal. Jan. 29, 2026); *see also R.D.T.M. v. Wofford*, No. 1:25-cv-01141-KES-SKO (HC), 2025 WL 268866 (E.D. Cal. Sept. 18, 2025).[1]

## IV. CONCLUSION

Based on the foregoing, the Court **GRANTS IN PART** Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1), and **ORDERS** Respondents to immediately release Petitioner from custody subject to the conditions of his preexisting release. The Court **ORDERS**, prior to any re-detention of Petitioner, that Petitioner is entitled to notice of the reasons for his re-detention and a hearing before a neutral decision maker to determine whether detention is warranted. The government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight.[2]

**IT IS SO ORDERED.**

Dated: February 12, 2026

Honorable Linda Lopez
United States District Judge

---

[1] The Court need not address Petitioner's remaining claims because the Petition can be resolved on due process grounds.

[2] This relief has been granted in similar matters. *See, e.g.*, *Matute*, 2025 WL 2817795, at *8; *Pinchi*, 2025 WL 2084921, at *5; *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1097 (E.D. Cal. 2025); *Martinez Hernandez v. Andrews*, No. 25-CV-1035 JLT HBK, 2025 WL 2495767, at *14 (E.D. Cal. Aug. 28, 2025).